UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON


CIVIL ACTION NO. 06-517-GWU


HOWARD BUTLER,                                                    PLAINTIFF,


VS.                          **MEMORANDUM OPINION**


MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                      DEFENDANT.


**INTRODUCTION**

Howard Butler brought this action to obtain judicial review of an unfavorable

administrative decision on his applications for Disability Insurance Benefits and for

Supplemental Security Income.  The case is before the Court on cross-motions for

summary judgment.

**APPLICABLE LAW**

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial

review of Social Security disability benefit cases:

1.      Is the claimant currently engaged in substantial gainful activity?
        If yes, the claimant is not disabled.  If no, proceed to Step 2.
        See 20 C.F.R. 404.1520(b), 416.920(b).

2.      Does the claimant have any medically determinable physical
        or mental impairment(s)?  If yes, proceed to Step 3.  If no, the
        claimant is not disabled.  See 20 C.F.R. 404.1508, 416.908.

3.      Does the claimant have any severe impairment(s)--i.e., any
        impairment(s) significantly limiting the claimant's physical or
        mental ability to do basic work activities?  If yes, proceed to

1

06-517  Butler

Step 4.  If no, the claimant is not disabled.  <u>See</u> 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4.    Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5.  If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.920(d), 416.920(d).

5.    Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)?  If yes, the claimant is disabled.  If no, proceed to Step 6.   <u>See</u> 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.    Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?   If yes, the claimant was not disabled.    If no, proceed to Step 7.   <u>See</u> 20 C.F.R. 404.1520(e), 416.920(e).

7.    Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.   <u>See</u> 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.   Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  <u>Jones v. Secretary of Health and Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial

2

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. Section 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations.  Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

4

06-517  Butler

to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

5

06-517  Butler

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.  In

6

such cases, the agency may be required to consult a vocational specialist.  <u>Damron v. Secretary</u>, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  <u>Varley  v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Butler, a 40 year-old former coal miner, equipment operator and foreman with a "limited" education, suffered from impairments related to cervical and lumbar degenerative disc disease as well as a major depression.  (Tr. 19, 25).  While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work.  (Tr. 29-30).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 31-32).  The ALJ based this decision, in large part, on the testimony of a vocational expert.  (Tr. 30).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence.  However, the current record does not mandate an immediate award of Social Security benefits.

06-517  Butler

Therefore, the Court must grant the plaintiff's summary judgment motion, in so far as it seeks a remand of the action for further consideration, and deny that of the defendant.

The ALJ erred in evaluating Butler's mental status.  The mental limitations found by the ALJ included a "limited but satisfactory" ability to relate to co-workers, deal with the public, interact with supervisors, deal with work stresses, understand, remember and carry out detailed instructions, respond appropriately to instructions and criticism, and respond appropriately to changes in the work setting.  (Tr. 31). These mental limitations were included in the hypothetical question presented to Vocational Expert James Miller, who identified a significant number of jobs which could still be performed.  (Tr. 429-430).  However, these limitations are not well supported in the medical record.

The ALJ purported to rely upon the opinion of Psychologist Gary Maryman, an examining consultant.  (Tr. 29).  Maryman opined that Butler would only be able to "minimally" interact with fellow workers and supervisors and would be "very impaired" in his ability to deal with the public.  (Tr. 209).  These limitations appear more severe than the "limited but satisfactory" restriction found by the ALJ.  Thus, Maryman's opinion does not support the administrative decision.

The ALJ also indicated that she relied upon the opinions of the non-examining medical reviewers.  (Tr. 29).  Psychologists Larry Freudenberger (Tr.

8

216-217) and Stephen Scher (Tr. 235-236), each opined that Butler would be "moderately limited" in such areas as understanding, remembering and carrying out detailed instructions, interacting appropriately with the general public, accepting instructions and responding appropriately to criticism from supervisors, and responding appropriately to changes in the work setting. The ALJ's findings were essentially compatible with these opinions. An ALJ may rely upon the opinion of a non-examiner over that of an examining source when the non-examiner clearly states the reasons for his differing opinion. Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994). Furthermore, Social Security Ruling 96-6p suggests that the non-examiner must have seen a complete record when his opinion is used to contradict that of a treating source. In the present action, Freudenberger reviewed the record in February of 2004 (Tr. 218) while Scher saw it in June of 2004 (Tr. 237). Neither had the opportunity to see and comment upon the treatment records from the Cumberland River Comprehensive Care Center dated between November, 2004 and June, 2005 (Tr. 263-303), a May, 2005 psychiatric hospitalization report from Appalachian Regional Healthcare (Tr. 357-391), nor apparently the Mental Medical Assessment of Ability to do Work-Related Activities Form of Dr. Vassili Arkadiev (Tr.

354-356), a treating physician at Cumberland River.[1]  Therefore, these opinions could not be relied upon to offset treating sources.

Dr. Arkadiev identified a number of very severe mental limitations (Tr. 355-356) which the ALJ rejected as binding (Tr. 29).  The ALJ cited a number of reasons why this opinion was not binding, including the lack of significant longitudinal findings.  (Id.).  This action would appear appropriate.  Nevertheless, his opinion does not support the administrative denial decision.

Butler was hospitalized at Appalachian in May of 2005 under the care of Dr. Hany Beshay, who diagnosed chronic schizophrenia.  (Tr. 359).  The plaintiff's Global Assessment of Functioning (GAF) on admission was rated at only 30.  (Id.). Specific mental limitations were not assessed.  However, such a GAF suggests the an inability to function in most areas according to the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders (4th Ed.--Text Revision) (DSM-IV-TR), p. 34.  Thus, this opinion also does not support the administrative decision.

The record contains two other reports from mental health professionals.  Dr. Jay Narola examined Butler in October of 2002 and diagnosed acute stress disorder.  (Tr. 194).  The plaintiff's current GAF was rated at 50, suggesting the

---

[1]The date was unreadable on Dr. Arkadiev's assessment but the document would appear to have been entered into evidence well after the reviewers saw the record.  (Tr. 356).

06-517  Butler

existence of "serious" psychological symptoms.  (Tr. 194).  Finally, the record

contains a report from Dr. William Weitzel, another examiner, who opined that he

claimant was suffering from a flagrant psychosis.[2]  (Tr. 350).  Thus, neither of these

reports provide support for the administrative denial decision.

The undersigned concludes that the administrative decision should be

reversed and the action remanded to the Commissioner for further consideration.

Therefore, the Court must grant the plaintiff's summary judgment motion, in so far

as such relief is achieved, and deny that of the defendant.  A separate judgment

and order will be entered simultaneously consistent with this opinion.

This the 21st day of September, 2007.



**Signed By:**

**G. Wix Unthank**

**United States Senior Judge**

---

[2]Most of Dr. Weitzel's report concerned his discussion of the report of Dr. Robert Granacher, another examiner, who appears to have reached very different conclusions concerning Butler's condition.  (Tr. 349-351).  Dr. Granacher's report was not entered into evidence in the plaintiff's claim.  The ALJ should try to obtain it upon remand.

11